JACINTO SUÁREZ-MIGOYA, Appellant, *v.* REGISTRAR OF GUAYAMA, Respondent.

No. 644. Submitted June 12, 1926.—Decided July 14, 1926.

*Eduardo Acuña Aybar, Heriberto Torres Solá* and *Lucien Long-champs* for the appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

About 33 years ago Lino Saldaña Skerret absented himself from Porto Rico, leaving here his wife, Carmen Ortiz de Zárate, and their two children named Isabel and Angela Saldaña Ortiz de Zárate. In 1924, while married to Jacinto Suárez Migoya, Angela died intestate and without descendants. In appropriate proceedings her parents were adjudged to be her heirs in fee simple and in equal shares of two-thirds of her estate and in nude ownership of the other third, of which the surviving spouse, Jacinto Suárez Migoya, was adjudged to be the usufructuary heir. But because of the fact that Lino Saldaña Skerret was absent and his whereabouts unknown it was ordered also that under section 104 of the Civil Code his daughter and wife be placed in provisional possession of his legal portion, to which they had a right as presumptive heirs, to be taken care of and enjoyed by them, two-thirds of the said share to be given to the daughter and one-third to the wife, inasmuch as the said legal portion did not accrue to his co-heirs according to section 125 of that Code.

The partition of the estate of Angela Saldaña Ortiz de Zárate was made by the said heirs, all of age, and a mortgage credit for $3,000 was assigned to the widower Jacinto Suárez Migoya. He presented it for record, but the registrar refused to record it for reasons stated as follows:

"Record of the preceding instrument, the supplementary documents being also examined, is hereby denied as regards the mortgage credit amounting to three thousand dollars, described in the inventory,

which encumbers a property located in the Municipality of Cayey, within the jurisdiction of this Registry of Property, on the ground that the decree entered by the District Court of San Juan the 9th day of May, 1925, which must have served as a basis for the partition, is void and of no effect in what refers to the inheritance of the absentee Lino Saldaña y Skerret, an error of law having been committed in the application of sec. 125 of the Civil Code, providing that the property of the absentee, of uncertain existence, be placed under the provisional possession of his presumptive heirs, inasmuch as, according to the provisions of said section, the rights of the absentee accrue to his co-heirs, unless there is some one claiming it in his own right, without prejudice to the provisions in the preceding section 124, according to which any person claiming a right accruing to a person whose existence is not known shall prove that such person existed at the time when the right in question accrued, and the existence of the absentee in this case not having been proved, neither existing in behalf of the presumptive heirs the right through representation, for this right does not obtain in the direct ascendant line, the whole of the inheritance should have been adjudicated to his wife and co-heiress Carmen Ortiz de Zárate, without prejudice to the exercise of the actions as provided by sec. 126 of the said Code, notwithstanding which by the said decree the share accruing to the absentee Lino Saldaña y Skerret is adjudicated, under provisional possession, to his presumptive heirs Carmen Ortiz de Zárate and Isabel Saldaña Ortiz de Zárate, wife and daughter, respectively, in a different proportion to that provided in the decree, since the inheritance is adjudicated in the proportion of three-fourths to the former and one-fourth to the latter, which is no less erroneous than what has been ordered in the said decree, not only on the grounds given to determine the illegality of the said decree, but also because, even supposing that the inheritance accrues to the presumptive heirs under provisional possession, the proportion in which the division has been made, that is, three-fourths of it to the wife and one-fourth to the daughter, does not conform to the proportion provided for in the decree, which would at any rate be that provided by law, the division ordered by the decree as well as that followed in the partition made being the cause of a lesion or loss to the heiress Carmen Ortiz de Zárate exceeding one-fourth of her share, which fact makes the partition subject to rescission, according to section 1141 of the Civil Code, taking in lieu thereof preventive annotation for the legal term in behalf of the adjudged heir Jacinto Suárez Migoya; at folio 54,

vol. 38 of Cayey, property number 477, duplicate, annotation letter A, setting forth besides the curable defect in the decree, with reference to the declaration of heirship, that, supposing the same should be found correct and erroneous the classification of the registrar, in the said decree no disposition is made for the naked ownership of the one-third on which the usufruct is adjudicated to Carmen Ortiz de Zárate.''

In the administrative appeal taken by Jacinto Suárez Migoya from the decision of the registrar he alleges, in opposition to the denial of the registrar to record because he considers the judicial order void and contrary to law, that the said registrar is not authorized to review the grounds of the said order, that is, its intrinsic justice or injustice, or to base his decision on the opinion that he may have as to the legality of said grounds for the purpose of denying its record.

Section 18 of the Mortgage Law confers authority upon the registrars of property to pass, under their responsibility, and for the sole purpose of admitting, suspending or refusing their inscription or annotation, upon all the documents issued by judicial authority; a provision which we have considered in various decisions, among them in that rendered in the case of *Ramírez* v. *Registrar*, 16 P.R.R. 330, and more specifically in the case of *Fernández* v. *Registrar*, 17 P.R.R. 1021, wherein, on weighing the authority conferred by the said section 18, it was held that the registrars may determine whether the judge had jurisdiction of the subject matter, the nature and effects of the decree, whether it was entered at the proper hearing, whether at this hearing the essential proceedings and rules for its validity were observed, and whether it contains all the facts which, according to the Mortgage Law, are necessary to support the record; but that such authority does not extend to the point of permitting them to review the grounds for such decrees, that is, the intrinsic justice or injustice of the same, or weighing whether or not the evidence was sufficient, this decision having been

followed in the cases of *Compañía Azucarera, etc.,* v. *Registrar,* 19 P.R.R. 153; *Llull* v. *Registrar,* 21 P.R.R. 355; *Carrillo* v. *Registrar,* 21 P.R.R. 413, and others in volumes 22, 23 and 25 of our decisions.

In the registrar's decision appealed from the principal ground given for the denial of the record is that the judicial order on which the partition and allotment to the appellant were based is void and without effect in so far as it refers to the absentee's inheritance, or, rather, to the absentee's hereditary portion, by reason of error of law in the application of section 125 of the Civil Code in ordering that the property of the absentee be provisionally turned over to his daughter and to the wife in the usufruct of one-third, whereas the full hereditary portion of the absentee should accrue to his wife as co-heiress with him of their deceased daughter, which would indicate that the registrar denied the record on the ground that the decree is void by reason of error in the application of the law on the subject, this being a matter that is excluded from the jurisdiction of the registrar, inasmuch as if he should have such authority he would become a judge of all of the decrees of the courts whatever their rank. Therefore, that ground for the refusal to record can not be sustained.

 Another ground given for the denial of the record is that in the partition three-fourths are adjudicated to the daughter of the absentee and one-fourth to the wife, a different proposition from that contained in the judicial decree, which involves a lesion or loss to the wife exceeding one-fourth of her share and makes the partition subject to rescission, as provided in section 1141, the note reads, but which must be section 1041, of the Civil Code. That ground can not be an impediment to the record because the property that should accrue to Lino Saldaña not being turned over to his daughter and wife as inheritance, but in provi-

sional possession, there can be no lesion or loss in an inheritance that has not been opened because the fact of the death of the person from whom the right is derived is not known. Said section 1041 refers to lesion in the partition of an inheritance.

The registrar also notes in his denial, as a curable defect, that in the decree no disposition is made of the naked ownership of the one-third ordered to be turned over to the wife of Lino Saldaña in usufruct. But as in the decree the declaration of heirship of the absentee has not been made, because his death is not known, and it is only ordered therein that his hereditary portion be turned over under provisional possession, whenever such declaration be made, if Lino Saldaña really inherited from his daughter Angela, it will then be the proper time for the decree to determine the person entitled to the naked ownership of the property of which the usufruct belongs to the mother.

The note appealed from should be reversed and the record applied for ordered.